Kerry J. Kaltenbach
e-mail: kerry.kaltenbach@dachenglaw.com
Huaying Piao
e-mail: huaying.piao@dachenglaw.com
DACHENG LAW OFFICES LLP
Two Wall Street, 21st Floor
New York, NY  10005
Tel: (212) 380-8388
Fax: (212) 810-1995
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUANGZHOU LOVE LIVE CULTURE DEVELOPMENT LIMITED COMPANY, a China limited company,<br><br>Plaintiff,<br><br>-against-<br><br>BELINDA INTERNATIONAL LIMITED, a New York business corporation d/b/a BELINDA INTERNATIONAL ENTERTAINMENT GROUP; and KAM YAN LEUNG a/k/a ANGELA WONG, an individual,<br><br>Defendants. | Case No.: 1:16-cv-940<br><br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff, by its attorneys DACHENG LAW OFFICES LLP, complaining of Defendants, brings this action based upon wrongs perpetuated by the Defendants and respectfully alleges, upon facts as stated herein and upon information and belief, claims as follows:

1

## NATURE OF ACTION

1.      This is an action for legal and equitable relief based upon Defendants' wrongful acts and omissions in connection with an entertainer/concert performance agreement (hereinafter "the Agreement") executed on or about May or June 2014 between Plaintiff and the Defendants, a copy of which is annexed hereto as Exhibit "A" and incorporated herein.

2.      Pursuant to the Agreement, the Defendants promised to furnish the presence and services of the American vocal and musical group the Backstreet Boys for a series of ten separate concert performances to be held at various locations within the People's Republic of China mainland, Macau and Hong Kong in the month of March 2015.

3.      Pursuant to the Agreement, the Plaintiff, concert and tour promotors, made payments to Defendants of $2,200,000.00 USD (two million, two hundred thousand United States dollars) as guaranteed tour compensation.

4.      Notwithstanding Plaintiff's payments to Defendants, and willingness and readiness to complete the remainder of their obligations, Defendants failed to furnish the services of the Backstreet Boys as promised for any of the scheduled performances or concerts, anywhere or at any time.  Unbeknownst to Plaintiff at the time of and for some time after entering into the Agreement and making payments to Defendants, the Defendants never obtained a commitment from nor confirmed the participation of the Backstreet Boys as promised, and were at all times aware that they were never ready, able or in a position to commit and assure the services of the Backstreet Boys for the scheduled concert performances as promised.

5. After it became apparent to the Plaintiff that Defendants would and could not perform pursuant to the Agreement, Plaintiff demanded from Defendants return in full of its payments. The Defendants unreasonably delayed, have refused to return in full Plaintiff's payments, and have failed to return a balance of $1,560,000.00 USD (one million, five hundred sixty thousand United States dollars). Additionally, as a result of Defendants' failure to perform under the contract, and false promises and misrepresentations, and in anticipation of and preparation for the Backstreet Boys concerts, Plaintiff reasonably and foreseeably incurred significant expenses and expended considerable sums of money. Moreover, as a result of Defendants' wrongful actions, the Plaintiff has been denied use of the sums which it paid to Defendants, and the Defendants have unjustly and unreasonably benefited from use of such sums.

## PARTIES

6. Plaintiff GUANGZHOU LOVE LIVE CULTURE DEVELOPMENT LIMITED COMPANY (hereinafter "GZLL") is a limited company organized under the laws of the People's Republic of China and located at RM 5310-5311, Tower B, Chinese International Center, No. 33, Zhongshan No. 3 Road, Guangzhou City, Guangdong Province, China, involved in the concert and tour promotion industry in China.

7. Defendant BELINDA INTERNATIONAL LIMITED (hereinafter "BELINDA") is a New York State business entity, organized as a business corporation located at 135-27 38th Avenue, Room 328A, Flushing, New York, 11354, which upon information and belief also does business at 136-20 38th Avenue, 10th Floor, Flushing, New York 11354 and is also known as BELINDA INTERNATIONAL ENTERTAINMENT GROUP.

8. Defendant ANGELA WONG (hereinafter "WONG") is a fictitious name whose true name is KAM YAN LEUNG, and who is the owner, principal, chairman and/or a member of BELINDA, and is a United States citizen and, upon information and belief, is a resident of the Borough of Queens within the City and State of New York.

**JURISDICTION**

9. Jurisdiction of this Court is based upon the complete diversity of citizenship of the parties and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, pursuant to 28 U.S. Code § 1332(a)(2).

10. Venue is appropriate within this judicial district pursuant to 28 U.S. Code § 1391(b)(1) and (2).

**BACKGROUND AND FACTUAL ALLEGATIONS**

11. Around late 2013 or early 2014, GZLL became acquainted with WONG and BELINDA through an agent of WONG and BELINDA.

12. In or around May and June 2014, GZLL entered into an Agreement with BELINDA, a copy of which is annexed hereto as Exhibit "A" and incorporated herein.

13. In the Agreement, WONG and BELINDA used the alias, fictitious name and/or "doing business name" BELINDA INTERNATIONAL ENTERTAINMENT GROUP.

14. WONG signed the Agreement on behalf of BELINDA in the capacity of "Chairman."

15. The Agreement required BELINDA to furnish the services of the Backstreet Boys for ten concert performances from March 6 to 28, 2015 in mainland China, Macau and Hong Kong.

16. The Agreement provided that GZLL pay BELINDA a minimum, guaranteed compensation of $2,750,000.00 USD (two million seven hundred fifty thousand United States dollars), which included tour compensation and Defendants' fees, and did not include concert percentages, bonuses, reimbursement and other amounts.

17. The Agreement provided that the $2,750,000.00 USD payment by GZLL to BELINDA be made by wire transfer as follows to BELINDA's bank account in Flushing, Queens, New York City pursuant to the following payment schedule: $1,000,000.00 USD by June 6, 2014; $1,200,000.00 USD by June 15, 2015; $550,000.00 USD by November 25, 2014.

18. GZLL paid to BELINDA $2,200,000.00 USD (two million two hundred thousand United States dollars) pursuant to the Agreement between June 6 and 17, 2014.

19. Before and for some months after the Agreement was fully executed, and after GZLL paid WONG and BELINDA pursuant to the Agreement, WONG and BELINDA knowingly and intentionally misrepresented to GZLL that WONG and BELINDA were experienced, well-connected, reliable and successful music concert professionals in the United States, had furnished the services of famous musical artists including Britney Spears for concerts in China, and were ready, able and in a position to furnish the services of the Backstreet Boys for a series of concerts in and around mainland China.

20. On or about October 10, 2014, WONG and BELINDA, in furtherance of their fraudulent scheme and in an effort to conceal their fraud and wrongdoing, knowingly and

intentionally misrepresented to GZLL that the Backstreet Boys tour dates set forth in the Agreement would have to be postponed from April 17, 2015 to May 6, 2015 because the Backstreet Boys were scheduled to perform concerts elsewhere. In reality, WONG and BELINDA had no relationship with or touring commitment from the Backstreet Boys, and these knowingly false statements by WONG and BELINDA were a ruse intended to deceive GZLL.

21. On or about October 10, 2014, WONG and BELINDA, in furtherance of their fraudulent scheme and in an effort to conceal their fraud and wrongdoing, knowingly and intentionally misrepresented to GZLL that they would provide to GZLL authorization from the Backstreet Boys, its members and touring party to obtain licenses, permits, permissions and approvals from the governmental authorities in China, Hong Kong and Macau for their travel and concerts, as well as set lists with lyrics and copies of members of the touring parties' passports. In reality, WONG and BELINDA had no relationship with or touring commitment from the Backstreet Boys, and these knowingly false statements by WONG and BELINDA were a ruse intended to deceive GZLL.

22. At some point in time after GZLL paid to BELINDA $2,200,000.00 USD (two million two hundred thousand United States dollars), GZLL learned that the Backstreet Boys were touring in China around the spring of 2015, however their tour was being promoted by another company and the Defendants were playing no role whatsoever in that tour.

23. In or around January 2015 and after numerous demands, WONG and BELINDA refunded to GZLL only $640,000.00 USD (six hundred, forty thousand United States dollars) from WONG's "personal money" or her personal bank account, leaving a balance of $1,560,000.00 USD (one million, five hundred sixty thousand United States dollars) unrefunded to the GZLL.

24. GZLL has made numerous demands that WONG and BELINDA return all unfunded balances which GZLL had paid.

25. As a result of the wrongful acts and omissions of WONG and BELINDA, in preparing for the Backstreet Boys tour and concerts in China, Hong Kong and Macau, GZLL foreseeably expended substantial time and sums of money, incurred financial losses and expenditures, and sustained foreseeable damages, in an amount of at least $50,000.00 USD (fifty thousand United States dollars) beyond the unrefunded sums paid to WONG and BELINDA. GZLL also lost use of the money which it had paid to WONG and BELINDA.

26. GZLL reasonably expected to earn, after expenses, no less than and at least $1,200,000.00 USD (one million two hundred thousand United States dollars).

## FIRST CLAIM FOR RELIEF

### Breach of Contract/Agreement

27. The Plaintiff repeats and realleges all of the foregoing paragraphs set forth above as though fully set forth herein.

28. On information and belief, in general and in execution of the Agreement in particular, WONG exercised complete dominion and control over BELINDA, WONG and BELINDA were essentially the same entity, WONG disregarded corporate formalities in conducting the business of BELINDA, WONG used her dominion and control of BELINDA to perpetrate the above described fraud and wrongdoing upon the Plaintiff, BELINDA was a sham, mere corporate shell and corporate veil for WONG, there was a complete unity in interest between WONG and BELINDA and they were essentially the same entity and their separateness a mere

7

legal fiction, WONG and BELINDA were the alter egos of each other, and therefore WONG is liable for all debts, obligations and judgments of BELINDA, and WONG is not insulated from personal liability pursuant to the Agreement.

29. On information and belief, WONG used BELINDA's bank account as her own personal account and for personal purposes, WONG used her personal bank account as BELINDA's account and for business purposes, WONG used BELINDA's funds for personal use, WONG commingled BELINDA's funds with her own personal funds, WONG shuttled funds between her personal and BELINDA's bank accounts, and WONG kept BELINDA undercapitalized.

30. WONG signed the Agreement on behalf of BELINDA, and on information and belief, WONG did so with the intent to personally receive most or all of the payments from the Plaintiff in connection with the Agreement.

31. On information and belief, WONG used the funds which the Plaintiff paid to BELINDA for her own personal use, and WONG kept BELINDA undercapitalized to the degree that BELINDA could never have paid the Backstreet Boys for the services which WONG and BELINDA promised in the Agreement.

32. When, in or around January 2015, WONG and BELINDA refunded to GZLL $640,000.00 USD (six hundred, forty thousand United States dollars), WONG did so from her "personal money" or her personal bank account.

33. In the alternative and on information and belief, the business or corporate entity BELINDA INTERNATIONAL ENTERTAINMENT GROUP was non-existent at the time

WONG signed the Agreement, and WONG therefore is personally liable pursuant to the Agreement.

34. The Plaintiff performed under the Agreement.

35. Defendants failed to perform in any way under the Agreement, and the sum of $1,560,000.00 USD (one million, five hundred sixty thousand United States dollars) remains unrefunded by Defendants to Plaintiff.

36. As a result of the non-performance of Defendants, the Plaintiff has sustained damages and injury.

## SECOND CLAIM FOR RELIEF

### Unjust Enrichment

37. The Plaintiff repeats and realleges all of the foregoing paragraphs set forth above as though fully set forth herein.

38. The Plaintiff paid to Defendants the sum of $1,560,000.00 USD (one million, five hundred sixty thousand United States dollars) which remains unrefunded to the Plaintiff and which constituted a benefit to Defendants.

39. As a result of the wrongful conduct detailed above, Defendants' material misrepresentations and omissions of fact, and the breach of the Agreement, the Defendants have been inequitably, unconscionably and unjustly enriched at the Plaintiff's expense.

40. The Plaintiff is entitled to a judgment ordering the Defendants to disgorge to the Plaintiff all amounts they received and have not returned to the Plaintiff.

## THIRD CLAIM FOR RELIEF

### Breach of Implied Duty of Good Faith and Fair Dealing

41. The Plaintiff repeats and realleges all of the foregoing paragraphs set forth above as though fully set forth herein.

42. Defendants were never at any time, ready, able or in a position to furnish the services of the Backstreet Boys for any concerts in and around mainland China, and concealed and failed to disclose such fact and their true intentions to Plaintiff.

43. Defendants were at all times fully aware that they were not in a position to furnish the services of the Backstreet Boys for any concerts in and around mainland China, and concealed and failed to disclose such fact and their true intentions to Plaintiff.

44. Defendants never intended nor expected to furnish the services of the Backstreet Boys for any concerts in and around mainland China, and concealed and failed to disclose such fact and their true intentions to Plaintiff.

45. Defendants' bad acts, misrepresentations, false promises, omissions and suppression of facts, deception, concealment and fraud as set forth above, which continued after execution of the Agreement, deprived Plaintiff of the right to receive any benefit whatsoever under the Agreement.

46. Defendants breached their covenant of good faith and fair dealing implied by law in the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests entry of a judgment:

1. Declaring that WONG and BELINDA are alter egos, and as a result, WONG is liable for all debts and obligations of, and judgments against BELINDA;

2. From both WONG and BELINDA, jointly and severally, for:

    (a) Compensatory damages of at least $1,560,000.00 (with interest running from June 17, 2014),

    (b) Contractual expectation damages of at least $1,200,000.00, and

    (c) Reliance and consequential damages of at least $50,000.00;

3. For equitable relief including rescission of contract, restitution and a judgment ordering the Defendants to disgorge to the Plaintiff all amounts which they received and have not returned to the Plaintiff, of at least $1,560,000.00 (with interest running from June 17, 2014);

4. For reasonable attorneys' fees and costs of suit and disbursements;

5. For pre-suit interest and prejudgment interest as allowed by law; and

6. For such other or further relief which this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a trial by jury on all issues.

Dated: New York, New York
February 8, 2016

DACHENG LAW OFFICES LLP

By: */s/ Kerry J. Kaltenbach*
Kerry J. Kaltenbach
Two Wall Street, 21st Floor
New York, NY 10005
Tel: (212) 380-8388
Fax: (212) 810-1995
e-mail: kerry.kaltenbach@dachenglaw.com

DACHENG LAW OFFICES LLP

By: */s/ Huaying Piao*
Huaying Piao
Two Wall Street, 21st Floor
New York, NY 10005
Tel: (212) 380-8388
Fax: (212) 810-1995
e-mail: huaying.piao@dachenglaw.com

Attorneys for Plaintiff GUANGZHOU
LOVE LIVE CULTURE DEVELOPMENT
LIMITED COMPANY